**David Lee CROSBY, Appellant,**

v.

**Lamont SMITH, Warden, Georgia State Prison, Reidsville, Georgia, Appellee.**

**No. 26196.**

United States Court of Appeals
Fifth Circuit.

Nov. 27, 1968.

---

---

David Lee Crosby pro se.

Arthur K. Bolton, Atty. Gen. of Georgia, Mathew Robins, Asst. Atty. Gen., Atlanta, Ga., for appellee.

Before ALDRICH *, GODBOLD and DYER, Circuit Judges.

PER CURIAM:

Appellant filed a habeas petition in the United States District Court on March 30, 1967, attacking his conviction of child molesting, entered after plea of not guilty and jury trial. He alleged that he was serving a ten-year sentence on that charge. The petition claimed that on the day following the conviction he was forced to plead guilty to a charge of statutory rape, by reason of the conviction, and comments by the prosecutor during the jury trial, and ineffectiveness of his court-appointed counsel (who represented him on both charges). He alleged that he received on this second charge another ten-year sentence to be served consecutively to the first sentence, that both sentences were illegal but that he could attack only the sentence presently being served. The habeas court considered only the attack on the first sentence, and denied the writ. Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968), which would allow attack on the second sentence, was decided subsequent to the date of the district court's ruling.

Prior to the date of the district court's denial of the writ Georgia's new Habeas Corpus Act of 1967 became effective, Laws 1967, pp. 835–839. See McGarrah v. Dutton, 381 F.2d 161, 167 (5th Cir. 1967). When the district court denied the writ petitioner had not exhausted his state remedies. We have made clear in many cases our policy that the state should have the first opportunity to consider claims of constitutional violations. See Peters v. Rutledge, 397 F.2d 731 [5th Cir., June 6, 1968] and cases there cited; Texas v. Payton, 390 F.2d 261 (5th Cir. 1968). While the district court considered some of petitioner's claims of constitutional violations even though state remedies had not been exhausted, it did so in the absence of a transcript of the state court trial.[1] In this court appellee, though vigorously opposing petitioner's claims for relief, says that as to at least some of petitioner's claims he too has been hampered by the lack of a transcript, and he points to what he says is available state procedure under which a defendant may appeal based upon a brief of the evidence, and suggests the possibility of the same procedure's being utilized in this case. Before the district court the appellee pointed to possible use of "an equivalent report of the events at the trial from which appellant's contentions arise," suggesting as possibly adequate substitutes an agreed statement of facts, a narrative statement based on the trial judge's minutes, the reporter's untranscribed notes, or "a bystander's bill of exceptions." Cf. Mack v. Walker, 372 F.2d 170 (5th Cir. 1966).

The decision of the district court is affirmed for failure of petitioner to exhaust his available state remedies as to the first conviction, and without prejudice to his right to seek post-conviction relief in the state courts of Georgia as to the first and the second convictions.

---

* Of the First Circuit, sitting by designation.

1. The petitioner alleged that there was no court reporter present at the trial. The district court found there was a reporter present and that he took the matter down. While the district court made no finding to that effect there was testimony that the reporter died soon after the trial and that so far as is known no transcript was ever prepared.